IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

WILLIE CLYDE BRELAND                                   PLAINTIFF


VERSUS                              CIVIL ACTION NO.: _2:10cv 303KS-MTP_

FORREST COUNTY SHERIFFS DEPARTMENT,
FORREST COUNTY SHERIFF BILLY BOB MCGEE,
in his Individual and Representative capacity as Sheriff of Forrest County;
FORREST COUNTY SHERIFF' DEPUTY CAPTAIN GLENN MOORE
In his Individual and Representative capacity as a Deputy and Captain
of the Forrest County Sheriff's Department and the FORREST COUNTY
BOARD OF SUPERVISORS
                                                       DEFENDANTS

## COMPLAINT

COMES now the Plaintiff, WILLIE CLYDE BRELAND, and files this, his

COMPLAINT for gross deprivation of his civil rights resulting from severe physical and mental

injuries and related and concomitant damages against these Defendants, and in support thereof,

respectfully submits the following to this Court, to wit:

## PARTIES

1.     That the Plaintiff, WILLIE CLYDE BRELAND, is an adult resident of Forrest

County, Mississippi, and resides in the City of Hattiesburg.

2.     That Defendant, FORREST COUNTY BOARD OF SUPERVISORS, by and

through its board attorney, David Miller, is a county entity, whose address is P. O.

Box 1310, Hattiesburg, Mississippi 39403, and may be served personally with

process authorized by law where he may be found.

3.     That Defendant, FORREST COUNTY SHERIFF DEPARTMENT and

FORREST COUNTY SHERIFF BILLY BOB MCGEE, INDIVIDUALLY, by and

through it's Sheriff Billy McGee, and/or appointed officials granted and clothed

with final policy and/or decision making authority, whether actual or de facto,

participated, encouraged or acquiesced in the existence of subordinate officials

failure to property supervise, control, direct, discipline and/or train Forrest County

Deputies to prevent these constitutional violations resulting in continuous abuse

of and use of power, including your Plaintiffs. Sheriff is being sued in his official

capacity and individually, and may be served at his office located at P.O. Box 747,

Hattiesburg, Mississippi 39403.

4.     That Defendant, FORREST COUNTY SHERIFF'S DEPUTY CAPTAIN GLENN

MOORE, at all times relevant to this complaint, was employed as a Sheriff

Captain by the Forrest County Sheriffs Department and acting under color of state

law. Captain Moore is being sued as a state official in his Representative capacity

and as an Individual acting while clothed with authority of the state and while so

acting in that capacity under color of state law, and may be served with process as

authorized by law where he may be found.

### VENUE

5.     That venue is proper in the United States District Court for the Southern District

of Mississippi, Southern Division pursuant to 28 U.S.C. 1391(b) as a substantial

part of the events or omissions giving rise to the claim occurred in Forrest County,

Mississippi, which is part of this Courts district and division.

## JURISDICTION

6. This Court has jurisdiction pursuant to 28 U.S.C. ' 1331 for an action that arises under federal law for all civil actions arising under the United States Constitution and 28 U.S.C. 1343 to redress deprivations, under color of state law, custom or usage, or any right, privilege or immunity secured by the United States Constitution or by any Act of Congress providing for equal rights of citizens or all persons within the jurisdiction of the Untied States and to recover damages or other relief under any Act of Congress providing for protection of civil rights. This is a complaint brought against the Defendants for intentional violation of liberties secured, protected and guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States, and by the applicable federal statutes prohibiting such deprivations, more particularly, 42 U.S.C. ' 1983 wherein your Plaintiffs are seeking to obtain a judgment for all damages, including all allowable costs of this suit, and an award of reasonable attorneys fees, for injuries and losses sustained by the Plaintiffs. Further, this Court has jurisdiction over the Plaintiffs pendent state law claims under 28 U.S.C. ' 1367 because the pendent claims arise out of the same transaction and occurrence, and are so closely related that they form part of the same controversy arising under Article III of the United States Constitution. Finally, this Court has jurisdiction over this claim because the Plaintiffs have exhausted their administrative remedies under the Miss. Code. Ann. ' 11-46-11, Code of 1972, and submit herewith, as Exhibit A, a copy of the Notice of Claim submitted pursuant to and in

3

compliance with Miss. Code. Ann. ' 11-46-11, Code of 1972.

## PRELIMINARY STATEMENT OF CLAIM

7.      This is a Federal Civil Rights lawsuit, claim and action brought under 42 U.S.C. '

1983 and 42 U.S.C. ' 1988, and under the protections, privileges and provisions

afforded to the Plaintiffs, under the Due Process Clause of the Fourth Amendment

of the United States Constitution, and the Fourteenth Amendment of the United

States Constitution.

## STATEMENT OF THE FACTS

8.      Your Plaintiff, WILLIE CLYDE BRELAND, was the owner and operator of the

Climax club a night club that catered to the African American college age youth

mostly from the coast and the Perkinston campus of the Mississippi Gulf Coast

Community College. The club was well known in the community and had been in

business at the same location for over thirty years. There were few instances of

trouble over the years and Mr Breland was known to run a clean and safe

operation. Because of its location and popularity there were large numbers of

African American youth inside the club and parking was a premium on the outside

parking area. On most occassions the overflow patron had to park on the side of

the road and near the entrance of the Pine Burr Boy Scout Camp known as Camp

Tiak.  The violations of Mr. Breland's civil rights, among other places, occurred

in and around the Climax club. Among other violations of  Mr. Breland's civil

rights by the concerted abuse of members of the Forrest County Sheriff's

4

Department one of the most egregious occurred on about December 15, 2007, at the Climax club located in Forrest County, Mississippi. In that incident Willie Clyde Breland, was arrested and physically assaulted by Captain Glenn Moore of the Forrest County Sheriff's Department. On that date near midnight Captain Moore entered the Climax club, owned and operated by Willie Clyde Breland and maliciously and unlawfully arrested and physically assaulted Mr. Breland. As a result of the physical assault, Willie Clyde Breland suffered a torn rotator cuff and was forced to seek medical treatment for his left arm. Mr. Breland was never brought to trial or allowed due process of law to substantiate his innocence. Further, Mr. Breland's clientele inside his bar were harassed by Captain Moore upon his exiting the Climax club. Additionally, from that date forward Captain Moore personally and in concert with other members of the Forrest County Sherriff's Department acting under authority of law continually harassed and arrested clientele of the Climax club. This was done in an effort to put the Climax bar out of business. Captain Moore acting in concert with other members of the Forrest County Sheriff's Department would set up roadblocks on the only street upon which patrons could frequent the Climax club. In order to harass and dissuade the clientele to frequent the Climax club Captain Glenn Moore and other members of the Forrest County Sheriff's Department would ticket or arrest patrons and often had their cars towed. These actions continued to on or about the fall of 2010. This concerted effort by Captain Glenn Moore and other members of the Forrest County Sheriff's department caused Mr. Breland to finally close the

5

Climax club. In an effort to help pay the mortgage on the building and some
financial gain Mr. Breland rented the property for various social events. The last
group of individuals that used the building that once housed the Climax bar was a
group who met for a family reunion. True to form, Captain Moore and his
deputies blocked the road and harassed the members of this family reunion. At
this time, the extent of Willie Clyde Breland's damages include present and future
pain and suffering, and severe emotional distress and economic loss to his
business.

### COUNT 1: EXCESSIVE FORCE UNDER 42 U.S.C. ' 1983

9.  The aforementioned Captain Glenn Moore, while acting under color of state law,
    willfully, wantonly, and intentionally used excessive force against the Plaintiff in
    an act of corporeal punishment amounting to an assault and battery and significant
    injury to his person.

10. The force used by Captain Glenn Moore against Willie Clyde Breland, was clearly
    excessive based on the age of Mr. Breland, his full cooperation and the nature of
    the offense. The need for force was objectively unreasonable and Willie Clyde
    Breland sustained a significant injury. Captain Glenn Moore's assault on the
    Plaintiff was done maliciously and with intent to inflict serious harm on Willie
    Clyde Breland, all in violation of 42 U.S.C. ' 1983 under the Fourth Amendment,
    and incorporated to the States through the Fourteenth Amendment due process
    clause, to be free from excessive force. The incident that culminated in Willie
    Clyde Breland's injury actually began several weeks preceding the arrest. Captain

Glenn Moore had on several occasions personally visited the Climax club ostensibly checking for violations of the law. One week prior to the arrest of Mr. Breland, Captain Moore had arrested an employee of Mr. Breland and charged him with allowing the possession of alcohol after midnight.  It should be noted that on that day of the week it was lawful to allow possession of alcohol until 2:00 a.m. Mr. Breland bonded his employee out and allowed the bond to be forfeited. On December 15, 2007 Captain Glenn Moore returned to the Climax bar and after stationing himself behind the bar watched the operation of the bar for some period of time; a few minutes after midnight Captain Glenn Moore arrested Willie Clyde Breland for the violation of the same offense. The time of arrest was shortly after midnight but it was clearly pre-textual in nature. The administrative nature of the offense begs the question why Mr. Breland had to be handcuffed at all. But, Captain Glenn Moore not only handcuffed Mr. Breland but he first slammed him into his police car and wrenched his arm excessively behind Mr. Breland's back. This overly aggressive action resulted in serious injury to Willie Clyde Breland. Mr. Breland's pleas to loosen the handcuffs and ease the pain of his injury were ignored by Captain Glenn Moore and Mr. Breland was transported to the Forrest County Jail. Mr. Breland was  forced to bond out of Jail to seek medical treatment The arrest was reported in the local newspapers. The arrest was never reported to Justice Court of Forrest County and the case never went to trial. It took the actions of Mr. Breland's legal counsel to have the charges dismissed on the grounds of lack of prosecution. Willie Clyde Breland continues to suffer from pain because of

this incident. Captain Glenn Moore's course of conduct in concert with othe

Deputies of the Forrest County Sheriff's Department later resulted in the closure

of the Climax club and because of his injuries Willie Clyde Breland had to quit

his job as a truck driver. At this time, the extent of Willie Clyde Breland's

damages include present and future pain and suffering, present and future medical

costs, severe anxiety and severe emotional distress.

11.    At all times material hereto, the Defendants were vested with the state authority

and non-delegable responsibility and duty of adhering to, complying with and

enforcing the laws of the United States and the State of Mississippi.

Consequently, while acting under color of state law, the defendants commenced to

implement a policy, custom, usage or practice wherein the rights, privileges or

immunities of the plaintiff was violated. The violations complained of in this

complaint include, but are not limited to, the use of excessive force, beating,

torture, deprivation of identifiable civil rights (i.e. liberty and/or property), the

unnecessary and wanton infliction of pain in light of the circumstances confronted

by the defendants resulting in a deprivation that was sufficiently serious wherein

the defendants acted maliciously and sadistically, by using excessive force and

physical violence designated and intended to harm the plaintiffs in such a manner

that caused physical, mental emotional pain, harm, humiliation and/or injury.

12.    At all times material hereto, the Defendants, Forrest County Board of

Supervisors, Forrest County Sheriffs Department, Forrest County Sheriff Billy

Bob McGee, Individually and Forrest County Sheriffs Captain Glenn Moore,

Individually and their agents, representatives, subordinate officers and employees

acted pursuant to the policies, regulations, ordinances and decision officially

adopted or promulgated by those persons whose acts may fairly be said to

represent the official policy of or were pursuant to a government ordinances,

custom, usage or practice of the other defendants the Forrest County Board of

Supervisors, the Forrest County Sheriff Department and Sheriff Billy Bob McGee.

13.     It is further averred that the Defendant Sheriff Billy Bob McGee, was a

government official whose edicts or acts may fairly be said to represent official

policy, practices, customs or regulations of the Defendant Forrest County Sheriff

Department. The aforementioned Defendants collectively and individually

developed, planned, set policy and implemented County ordinances, custom

and/or usage that resulted in and caused the physical and mental abuse and the

economic harm of the Plaintiff.

14.     The Defendants, the Forrest County Board of Supervisors, the Forrest County

Sheriff Department and Sheriff Billy Bob McGee, failed to provide adequate and

competent training and/or supervision to the Captain Glenn Moore named in this

complaint and others similarly situated. The aforementioned defendants are, and

at the time of the plaintiffs assault, were tasked with the non-delegable duty and

responsibility to formulate, oversee and implement official policies, procedures ,

practices and customs that were to be carried out by the Forrest County Sheriff

Department and Captain Glenn Moore was employed there.

9

15.    As a direct and proximate consequence of the aforementioned defendants failure to properly develop, implement and otherwise develop a policy of adequate police training and/or supervision for its deputies, the Plaintiff was deprived of certain constitutional rights, privileges and immunities which, if properly trained and supervised, every deputy within the employ of the Forrest County Sheriff Department and Sheriff Billy Bob McGee would have known of the illegality of the defendants conduct on the date in question and the plaintiffs assault and corresponding deprivation of his civil rights, privileges and immunities would not have occurred.

16.    The Defendants, the Forrest County Board of Supervisors, the Forrest County Sheriff Department and Sheriff Billy Bob McGee, were vested with authority to hire, fire and discipline employees of the Forrest County Sheriff Department. On information belief, Captain Glenn Moore should never have been hired and/or retain because he is unfit to serve in a capacity such as the one he served in on the date in question.

## COUNT II - ASSAULT AND BATTERY

## PENDENT STATE/SUPPLEMENTAL CLAIM

17. That Captain Moore committed an tortuous assault and battery on Willie Clyde Breland, without his consent, by intentionally using force against him in an offensive manner, and that such contact offended Willie Clyde Breland's reasonable sense of personal dignity. As a result of the unjustified physical assault, Willie Clyde Breland injured a torn rotator cuff causing him great pain and suffering and the direct loss of

his job as a truck driver. Willie Clyde Breland further avers that such offensive conduct warrants punitive damages in that Captain Glenn Moore's course of conduct over the times in question and his direct offensive contact was malicious, grossly negligent, or in the reckless disregard for the rights of others.

## COUNT III- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

## PENDENT STATE/ SUPPLEMENTAL CLAIM

18.    The named Defendant Captain Glenn Moore committed the tort of intentional infliction of emotional distress, in that his conduct of assaulting Willie Clyde Breland, which resulted in severe injury to the arm of Willie Clyde Breland,  and the course of conduct over an extended period of time including harassment, unlawful detention and other acts under the authority of law was so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. The manner, method and design of the Defendant Captain Moore's conduct was designed not only to inflict physical pain and suffering on the Plaintiff, but also emotional and mental anguish and distress both in the present and the future. As a proximate and direct consequence of the outrageous conduct of the aforementioned Defendant Forrest County Board of Supervisors, Forrest County Sheriff Department, Forrest County Sheriff Billy Bob McGee individually and in his representatvie capacity and the Defendant Forrest County Sheriff Captain Glenn Moore individually and in his representative capacity are jointly and severally liable to the Plaintiff for the intentional infliction of emotional

11

distress and mental anguish inflicted upon the Plaintiff. The Plaintiff is entitled to

a money judgment against the Defendants for all their damages as a result of the

Defendant Captain Moore outrageous conduct.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully pray that this Court:

A.      Assume jurisdiction over this action;

B.      Order Trial By Jury;

C.      Enter Judgment in Favor of the Plaintiff in an amount later to be determined by a

Jury, including punitive damages, and not less than one million dollars

($1,000,000.00) for Plaintiff;

D.      Impose costs and attorney fees pursuant to fee shifting provision of 42 U.S.C. '

1983 found at 42 U.S.C. ' 1988;

E.      Order all such other relief and is appropriate in the premises.

### *JURY TRIAL REQUESTED*

RESPECTFULLY SUBMITTED, this the 10th day of December, 2010.

WILLIE CHARLES BRELAND, Plaintiff

BY: _____
THOMAS E. PAYNE

THOMAS E. PAYNE - MSB #4073
Ton Payne & Associates
280 Rue Petit Bois
P. O. Box 4956
Biloxi, MS  39530
Ph:     228-388-0007
Fax:    228-388-3177

12